UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00406-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **RASHAWN PRIOLEAU,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion Pursuant to Federal Rules of Civil Procedure Rule 36. In this motion, defendant takes issue with the Bureau of Prison's decision not to afford him credit for time served on other charges and also with the Judgment, contending that while the court promised to credit him with time served at sentencing, it did not reflect such commitment in the Judgment. As there has been no transcript prepared, the court is without sufficient recollection to recall whether such a commitment was actually pronounced.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Cr. P. 36. Inasmuch as defendant is contending that the Judgment does not conform to the sentence pronounced, the court finds a basis for further consideration of that aspect of defendant's Rule 36 motion and will instruct the government to respond.

Finally, to the extent defendant seeks to challenge a decision of the Bureau of Prisons to deny credit for time served, this court is without jurisdiction to consider that particular claim under Rule 36. In <u>Setser v. United States</u>, 132 S.Ct. 1463, 1468 (2012), the Supreme Court

1

determined that a federal district court has the discretion to order a criminal defendant's sentence to run concurrent with or consecutive to an anticipated but not yet imposed state sentence. That determination does not mean that this court determines whether to credit a criminal defendant for time served on an already imposed state sentence. As other courts have observed:

> there is no basis to conclude that the decision in Setser would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in Setser contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons.

United States v. Short, 2014 WL 645355, 1 (M.D.N.C. Feb. 18, 2014). Post-Setser, the Bureau of Prisons has continued to follow its procedures for determining credit. Brown v. Zych, No. 7:11CV605, 2012 WL 5386339 (W.D.Va. Nov. 1, 2012). As to receiving credit for a state sentence, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b), id. at 334-35, a decision which remains undisturbed by Setser. If defendant is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 in the *district of confinement*.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government file a **RESPONSE** to defendant's "Motion Pursuant to Federal Rules of Civil Procedure Rule 36" (#26) within 60 days. To the extent petitioner seeks to challenge any decision of BOP denying credit for time served, such aspect of this motion is **DENIED** without prejudice as to pursuing that claim administratively or by way of Section 2241 in the district of confinement.

Signed: January 16, 2015

Max O. Cogburn Jr.